Dai v. Garland

BIA
Cortes, IJ
A206 564 759

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

YANG DAI,
> *Petitioner,*

> v.                                                          **23-6619**
>                                                              **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**              David Garth Sullivan, Esq., Demidchik Law
                                 Firm, PC, City of Industry, CA.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yang Dai, a native and citizen of the People's Republic of China, seeks review of a May 15, 2023, decision of the BIA affirming an August 6, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yang Dai,* No. A 206 564 759 (B.I.A. May 15, 2023), *aff'g* No. A 206 564 759 (Immigr. Ct. N.Y.C. Aug. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified and supplemented by the BIA, which means that we have not reviewed the IJ's findings that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng*

*v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Exhaustion under § 1252(d)(1) is not jurisdictional, *Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023), but it is "mandatory in the sense that a court must enforce the rule if a party properly raises it," *Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (internal quotation marks omitted). Section 1252(d)(1) "bars the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below." *Gill v. I.N.S.*, 420 F.3d 82, 86 (2d Cir. 2005). However, if a petitioner raises before this court a specific argument that she did not raise before the BIA, exhaustion will not bar our review of the issue if the BIA addressed the issue in its opinion. *See Ali v. Holder*, 345 Fed. App'x 665, 667 (2d Cir. 2009). In addition, "[w]e consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks omitted). Finally, "an IJ may rely

3

on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original) (internal quotation marks omitted).

Dai has abandoned the arguments that she raised before the BIA by not arguing them here. *See Debique*, 58 F.4th at 684. She has also abandoned any challenge to the BIA's finding that she waived her CAT claim by not addressing that waiver finding here. *Id.; see also Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("Where the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised, we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review." (internal quotation marks and alterations omitted)).

The Government argues that Dai also did not exhaust the arguments that she raises here to challenge the IJ's adverse credibility finding. She now contends that the basis of the IJ's adverse credibility finding—an inconsistency between statements that she made in her asylum interview and her testimony before the IJ—is immaterial and that the IJ failed to consider other evidence. Before the BIA, however, Dai challenged only the IJ's reliance on notes from her asylum interview.

4

Our decisions have arguably not given clear guidance as to when a specific challenge to an IJ's credibility determination constitutes a subsidiary of the general argument that the credibility determination was not supported by substantial evidence (and thus has been exhausted) and when a new reason for disputing the credibility determination is a distinct argument on appeal (and thus not exhausted). *Compare Fei Yan Yang v. Bd. Immgr. Appeals*, 265 Fed. App'x 22, 24 n.1 (2d Cir. 2008) (finding the argument that the IJ erred in requiring petitioner to submit pregnancy verification subsidiary to her challenge to the IJ's adverse credibility determination as a whole, and thus exhausted), *with Song Huang v. Holder*, 326 Fed. App'x 30, 31 n.1 (2d Cir. 2009) (finding that petitioner failed to exhaust the specific credibility arguments he raised before this court because before the BIA he argued only generally that the IJ erred by relying on minor inconsistencies). We need not resolve any tension in our prior decisions to decide this case, because here the BIA specifically addressed the materiality of Dai's inconsistent statements. Accordingly, that argument is deemed administratively exhausted. *See Ali*, 345 Fed. App'x at 667.

On the merits, the IJ's adverse credibility determination was supported by substantial evidence. Dai's inconsistent statements were material to her claims for relief because they potentially implicated the persecutor bar, which, if applicable,

would prevent her from getting the relief that she seeks. *See Yan Yan Lin v. Holder*, 584 F.3d 75, 79 (2d Cir. 2009) ("[The persecutor bar] prevents those who have persecuted others (or assisted in the persecution of others) from gaining refugee status and seeking asylum in the United States. . . . [and] seeking withholding of removal."). Moreover, the IJ pointed to several facts to support his conclusion that Dai's explanations for her inconsistent statements were not persuasive, including that she had a Mandarin interpreter during her asylum interview, the asylum officer's questions were not manipulative or designed to deceive, and she had several opportunities to develop the record. Given that Dai's inconsistent statements are material to her claims for relief and that the IJ supported his adverse credibility finding with facts in the record, we cannot conclude that the agency's decision was not supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6